# STATE OF MICHIGAN

# COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN, | UNPUBLISHED<br>August 14, 2018 |
| Plaintiff-Appellee, | |
| v | No. 335829<br>Genesee Circuit Court |
| TERRY LEE PARISH, | LC No. 16-038995-FH |
| Defendant-Appellant. | |

Before: BOONSTRA, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

BECKERING, J. (*concurring*).

I concur in the result of the lead opinion. With respect to defendant's argument on appeal that the prosecutor misrepresented the evidence regarding a text message exchange between defendant and his wife by claiming that they discussed financial trouble, when in fact they discussed a shortage of cash on hand that would be solved if a debit card arrived in the mail, defendant claims that the prosecutor's argument was impermissible and shifted the burden of proof. I agree that the record reveals an improper argument by the prosecutor. While portions of the text messages may have been admissible for certain legitimate purposes[1], I agree with the

---

[1] See *People v Henderson*, 408 Mich 56; 289 NW 2d 376 (1980). In *Henderson*, our Supreme Court noted that "[t]here is a need to avoid undue prejudice in individual cases and to prevent establishment of a 'two-tiered standard of justice' weighing more heavily on the poor. And we recognize that evidence of a defendant's financial condition, because it ordinarily has limited probative value and usually goes to a collateral issue, will often distract rather than aid the jury." *Id*. 408 Mich at 65. The Court further explained that "[e]vidence of poverty, dependence on public welfare, unemployment, underemployment, low paying or marginal employment, is not admissible to show motive." *Id*. at 66. However, the Court held that evidence of a financial condition may be admissible in the circumstances of a particular case, such as to explain an atypical theft offense like embezzlement. *Id*. at 66. It may also be used to prove the source of funds. See *People v Moore*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2009 (Docket No. 280192). In the present case, the text messages may have been admissible for the limited purpose of establishing that due to the fact that a bank card had not arrived in the mail, defendant did not have money available to replenish their supply of dog food,

-1-

lead opinion that the prosecutor erred in eliciting testimony from the deputy sheriff summarizing the text messages expressly in order to prove and later argue during closing argument that defendant must have robbed the victim because he was having financial problems and did not even have enough money to buy dog food. Use of such text messages to prove motive due to poverty is improper, and the trial court abused its discretion in allowing the prosecutor to proceed with this theory over defendant's objections.[2]

Nevertheless, as the lead opinion indicates, the error was harmless in light of the other properly admitted evidence, which included catching defendant on videotape pulling into the victim's driveway in his vehicle for no known reason (at a time when he was supposed to be picking up his stepdaughter), opening up the back hatch of his vehicle, walking toward the garage wearing a glove only on one hand, and then disappearing from the surveillance camera view, whereafter the house alarm was triggered at the garage/kitchen entrance, which had been installed due to a spate of recent disappearances of property from the victim's home. The victim soon discovered that the jewelry box in which she kept foreign coins, including a Dutch guilder from her recent travels to the Netherlands, was missing, and a search of defendant's home revealed a wheat penny, a Canadian coin, and a Dutch guilder, which the victim recognized as being the same type of coin she had placed in her jewelry box. The victim also testified that she had never had any other people come to her house and be on camera, whereafter things went missing.

/s/ Jane M. Beckering

---

but then he suddenly claimed to have resolved the problem after going over to the victim's house, as was caught on videotape.

[2] See *People v Johnson*, 393 Mich 488; 227 NW2d 698 (1978), and its progeny.